WO                                                                              SC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Greg John Hess, | No.    CV-24-00247-TUC-SHR |
| Plaintiff, | |
| v. | **ORDER** |
| State of Arizona, et al., | |
| Defendants. | |

On May 15, 2024, Plaintiff Greg John Hess, who is confined in the Arizona State Prison Complex-Eyman, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not pay the $350.00 civil action filing fee and $55.00 administrative fee or file an Application to Proceed In Forma Pauperis. The Court gave Plaintiff 30 days to pay the filing and administrative fees or file a complete Application to Proceed In Forma Pauperis. On June 25, 2024, Plaintiff paid the filing and administrative fees (Doc. 8).

On May 28, 2024, Plaintiff filed a motion for an emergency preliminary injunction (Doc. 5). The Court will deny the motion and will dismiss the Complaint with leave to amend.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised legally frivolous or malicious claims, failed to state a claim upon which relief

1   may be granted, or sought monetary relief from a defendant who is immune from such
2   relief.  28 U.S.C. § 1915A(b)(1)–(2).

3          A pleading must contain a "short and plain statement of the claim *showing* that the
4   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does
5   not demand detailed factual allegations, "it demands more than an unadorned, the-
6   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678
7   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere
8   conclusory statements, do not suffice."  *Id.*

9          "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
10  claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,
11  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content
12  that allows the court to draw the reasonable inference that the defendant is liable for the
13  misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for
14  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
15  experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual
16  allegations may be consistent with a constitutional claim, a court must assess whether there
17  are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

18         But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
19  must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342
20  (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent
21  standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551
22  U.S. 89, 94 (2007) (per curiam)).

23         If the Court determines a pleading could be cured by the allegation of other facts, a
24  pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the
25  action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc).  The Court
26  will dismiss Plaintiff's Complaint for failure to state a claim, but because it may possibly
27  be amended to state a claim, the Court will dismiss it with leave to amend.
28  . . . .

JDDL

- 2 -

## II.    Complaint

In his six-count Complaint, Plaintiff alleges claims under the Due Process Clause, the Equal Protection Clause, and under 42 U.S.C. §§ 1981, 1983, 1985, and 1986. Plaintiff names as Defendants the State of Arizona, Cochise County, Cochise County Superior Court, the Arizona Court of Appeals-Division Two, the Arizona Supreme Court, Attorneys Sarah Michele Martin, Jeanne B. Whitney, Joan M. Sacramento, and Emily Danies,[1] and Presiding Juvenile Cochise County Superior Court Judge Terry Bannon.[2] Plaintiff seeks injunctive and compensatory relief, release from prison,[3] and his legal fees.

Plaintiff designates **Count I** as a claim for violation of due process. Plaintiff alleges the following facts:

On January 26, 2023, Plaintiff "participated" in state court parental termination proceedings.[4] (Doc. 1 at 6.) Prior to the trial and throughout the trial, Plaintiff informed his attorney, Defendant Sacramento, he had not received the exhibits or witness list. During the trial, Plaintiff informed Defendants Cochise County Superior Court, Martin, Whitney, and Bannon he was unable to prepare for the proceeding because he had not received copies of the exhibits and witness list. Defendant Bannon noted Plaintiff's concern but continued with the trial. Several witnesses testified, but Defendant Sacramento was not prepared with "proper impeachment knowledge, questions, or evidence" because she had not discussed with Plaintiff the possibility of "third party hearsay [being allowed] to stand." (*Id.*) Defendants Martin, Whitney, and Sacramento failed to "properly control

---

[1] Danies was Plaintiff's counsel on appeal from the termination proceedings, and Martin was counsel for Plaintiff's son on appeal from the termination proceedings in SV 202200008. *See* https://www.appeals2.az.gov/ODSPlus/caseInfolast.cfm?caseID=132690 [https://perma.cc/2URF-TFHD].

[2] *See* https://www.cochise.az.gov/385/Juvenile-Services [https://perma.cc/GKR9-EG5W].

[3] Plaintiff cannot obtain release from a criminal conviction in a civil rights case. "Challenges to the validity [of a conviction or sentence] are the province of habeas corpus." *Muhammad v. Close*, 540 U.S. 749, 750 (2004); *see Hill v. McDonough*, 547 U.S. 573, 579 (2006); *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

[4] Plaintiff fails to identify the case number for this proceeding.

witnesses and object to inadmissible speculation and fabricated testimony." (*Id.*)  After the proceeding, Defendants Sacramento and Bannon "refused to hold key impeachment [illegible] to be allowed to supplement the record that directly s[p]oke to the alleged ruling by the Plaintiff's Judge in his criminal case at the sentencing hearing." (*Id.*)  Defendants all failed to respond to Plaintiff's notice of claim and written demand.  As his injury, Plaintiff alleges he has been unable to see or speak to his minor son, irreparably damaging their parent-child relationship.

Plaintiff designates **Count II** as a claim for violation of equal protection.  He alleges the following:

Plaintiff was denied a fair and impartial trial, appeal, and review[5] by the Defendants, because he was denied the effective assistance of counsel, advance notice of the witnesses and evidence against him, and the ability to present evidence to refute "detrimental" evidence against him.  He claims any reasonably effective counsel would have known of her duty to meet and confer with her client multiple times prior to trial.  Defendants State of Arizona, Cochise County, Cochise County Superior Court, the Arizona Court of Appeals, and Bannon refused to allow the inclusion of key impeachment evidence and issued detrimental rulings, orders, and a mandate without allowing Plaintiff the "safe harbor period" to respond.  (*Id.* at 7.)  When Plaintiff objected to abuses of discretion and undue prejudice, his objections were "unjustly denied."  (*Id.*)  Defendants failed to respond to his notice of claim and written demand.  As his injury, Plaintiff alleges the denial of civil rights and loss of access to his son.

Plaintiff designates **Count III** as a claim under § 1981.  Plaintiff alleges the following:

Defendants denied Plaintiff the right to develop his case, collect and give evidence and prepare to impeach witnesses in his parental termination proceedings.  Plaintiff notified Defendants of "the abuses of discretion, due process violations, and missing key evidence

---

[5] Plaintiff appears to be referring to the parental termination proceeding described in Count One.

in his appeal, appeal reply, and petition for review." (*Id.* at 8.) He claims each Defendant had the responsibility and obligation to ensure justice was done, but each failed to do so. As a result, Plaintiff was denied the right to give evidence, the benefit of a fair trial, and a "clearly warranted" "recall and remand." Defendant Arizona Court of Appeals issued a mandate three days after Defendant Arizona Supreme Court denied Plaintiff's petition for review. Plaintiff filed a motion for "recall and stay" but his motion was denied and "he was not provided the requisite 15 days." (*Id.*) Plaintiff filed a petition for review of the denial, and his petition for review was denied by Defendant Arizona Supreme Court. As his injury, Plaintiff alleges the denial of civil rights and loss of access to his son.

Plaintiff designates **Count IV** as a claim for denial of fair application of the law. He alleges the following:

During the January 26, 2023 trial in Cochise County Superior Court and on review by the Arizona Court of Appeals and the Arizona Supreme Court, Plaintiff was denied his basic rights to a fair and impartial presentation of the facts and exculpatory evidence "in the adverse possession" of the Defendants. Defendants Martin, Whitney, Sacramento, and Bannon allowed the January 26, 2023 trial to proceed without a key transcript that [illegible] directly to the matter." (*Id.* at 9.) Plaintiff claims he had the right to effective assistance of counsel and the right to notice, before trial, of all evidence and witnesses to be presented. Plaintiff was not given an opportunity to depose the witnesses or request discovery. All Defendants failed to respond to Plaintiff's notice of claim and written demand. As his injury, Plaintiff alleges the denial of access to his son and harm to their parent-child relationship.

Plaintiff designates **Count V** as a claim under 42 U.S.C. § 1983 for prior knowledge of missing information. Plaintiff alleges the following:

Defendants were aware Plaintiff was "refused the exhibits and the disclosure of witnesses documents prior to the January 26, 2023 trial." (*Id.* at 10.) Prior to the trial and throughout the trial, Defendants Cochise Superior Court, Martin, Whitney, and Sacramento were informed Plaintiff did not have "those documents." (*Id.*) Plaintiff raised the issue of

**JDDL**

"the missing documents," which he asserted caused him undue prejudice, and he asserted on appeal and in his petitions for review had violated his constitutional and civil rights. (*Id.*)  Plaintiff's requests for relief from Defendants State, Cochise County, Cochise County Superior Court, Arizona Court of Appeals, and the Arizona Supreme Court "fell on deaf ears."  (*Id.*)  Defendant Danies "failed in her duty" as advisory counsel to assist or accept Plaintiff's requests for support and assistance on appeal and on his petitions for review. (*Id.*)  All Defendants knew of deprivations of Plaintiff's rights to evidence and witnesses against him by Defendants Cochise County Superior Court, Martin, Whitney, Sacramento, and Bannon but none of the Defendants acted to assist Plaintiff in obtaining relief. Defendants failed to respond to his notice of claim and written demand.  As his injury, Plaintiff alleges the denial of access to his son and harm to their parent-child relationship.

Plaintiff designates **Count VI** as a claim under § 1986.  He alleges the following:

Defendants Martin, Whitney, Sacramento, and Bannon knew Plaintiff did not have "key evidence, witness disclosure, and the opportunity to question witnesses" prior to and throughout the January 26, 2023 trial.  (*Id.* at 11.)  These Defendants failed to act to prevent the "illegal and unjust" events to occur.  (*Id.*)  All the Defendants were informed of the alleged errors but failed to rectify or remedy conspiratorial acts of Defendants Martin, Whitney, Sacramento, and Bannon.  All Defendants failed to respond to his notice of claim and written demand.  As his injury, Plaintiff alleges denial of his civil rights, loss of access to his son, and irreparable harm to their parent-child relationship.

## III.    Background

According to information on the Arizona Department of Corrections, Rehabilitation, and Reentry website, Plaintiff was convicted of sexual abuse in Cochise County Superior Court, case CR 202000617, and was sentenced to a prison term and lifetime probation.[6]  Plaintiff alleges his parental rights as to his minor son, D.H., were terminated in SV 20220008.  Although Plaintiff indicates the termination action was taken

---

[6] *See*  https://apps.azcourts.gov/publicaccess/caselookup.aspx,  [https://perma.cc/NDP9-4749].

in part based upon his criminal proceedings, the Court has been unable to access Plaintiff's criminal docket, appeals from his conviction and sentence, or postconviction proceedings.

The following is reflected in the appellate docket from the termination of Plaintiff's parental rights.[7]  After Plaintiff's parental rights were terminated, Plaintiff filed an appeal in Division Two of the Arizona Court of Appeals, *In re Termination of Parental Rights as to D.H.*, case 2 CA-JV 2023-0025.  The Arizona Court of Appeals affirmed on October 2, 2023.  The Arizona Supreme Court denied Plaintiff's subsequent petition for review, and the mandate issued on February 26, 2024.  Plaintiff then filed a motion for leave to seek reconsideration in the Arizona Court of Appeals, which it construed as seeking review by the Arizona Supreme Court of its February 23, 2024 order denying Plaintiff's petition for review.  The Arizona Court of Appeals denied the request but forwarded the motion to the Arizona Supreme Court.  The Arizona Supreme Court denied leave to file a motion for reconsideration on March 13, 2024.  On March 19, 2024, the Arizona Court of Appeals denied Plaintiff's motion to recall the mandate and to stay a future mandate.  On April 11, 2024, the Arizona Court of Appeals denied Plaintiff's objection and request for reconsideration.  On April 19, 2024, the Arizona Supreme Court denied Plaintiff's second petition for review.

## IV.    Failure to State a Claim under § 1983

To prevail in a § 1983 claim, a plaintiff must show (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges, or immunities and (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163–64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

---

[7]    *See*  https://www.appeals2.az.gov/ODSPlus/caseInfolast.cfm?caseID=132690 [https://perma.cc/2URF-TFHD].

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pleaded. *Id.*

### A.    State of Arizona

Plaintiff sues the State of Arizona. Under the Eleventh Amendment to the Constitution of the United States, neither a state nor a state agency may be sued in federal court without its consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Furthermore, "a state is not a 'person' within the meaning of § 1983." *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc), *abrogated in part on other grounds by Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996). Likewise, "'arms of the State' such as the Arizona Department of Corrections are not 'persons' under section 1983." *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted). Therefore, the Court will dismiss the State of Arizona as a Defendant.

### B.    Court Defendants

Plaintiff names the Cochise County Superior Court, the Arizona Court of Appeals, and the Arizona Supreme Court as Defendants. A "state court is not a 'person' for purposes of 42 U.S.C. § 1983 and hence is not subject to lawsuit under that statute." *Mumford v. Basinski,* 105 F.3d 264, 267 (6th Cir. 1997); *see also Mumford v. Zieba*, 4 F.3d 429, 435 (6th Cir. 1997) (citing *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)); *Clark v. Clark*, 984 F.2d 272, 273 (8th Cir. 1993); *Rothstein v. Montana Supreme Court*, 638 F. Supp. 1311, 1312 (D. Mont. 1986); *Louis v. Supreme Ct. of Nev.*, 490 F. Supp. 1174, 1180 (D. Nev. 1980) (noting as a state is not a "person" within the meaning of § 1983, neither is the state's supreme court a "person" under the statute); *cf. Munoz v. Superior Ct. of L.A. Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024) (recognizing Eleventh Amendment immunity barred suit against state court as an arm of the state). Accordingly, Plaintiff's § 1983 claims against

the Court Defendants will be dismissed.

### C. Attorney Defendants

Plaintiff sues several attorneys who were all apparently involved in his parental termination proceedings as private or appointed counsel. "[U]nder color of state law" is the equivalent of the "state action" requirement under the Constitution. *Lugar v. Edmonson Oil Co, Inc.*, 457 U.S. 922, 928 (1982); *see also Jensen v. Lane County*, 222 F.3d 570, 574 (9th Cir. 2000) (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)); *West v. Atkins*, 487 U.S. 42, 49 (1988)). Accordingly, "[a]cting under color of state law is 'a jurisdictional requisite for a § 1983 action.'" *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001) (quoting *West*, 487 U.S. at 46). Whether an attorney representing a criminal defendant is privately retained, a public defender, or court-appointed counsel, she does not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 317–18 (1981); *Miranda v. Clark Cnty.*, 319 F.3d 465, 468 (9th Cir. 2003). The same principle applies to attorneys representing parties in state court juvenile proceedings. *See Kirtley v. Rainey*, 326 F.3d 1088, 1092–96 (9th Cir. 2003) (holding a private attorney appointed by the state to represent a minor in court proceedings as guardian ad litem does not act under color of state law for the purpose of a § 1983 claim); *Malachowski v. City of Keene*, 787 F.2d 704, 710 (1st Cir. 1986) (per curiam) (same); *Chambers v. Santa Clara Cnty.*, No. CV 2005-3308, 2006 WL 2433413, at *2–3 (N.D. Cal. Aug. 21, 2006) (same); *Deluz v. Law Offices of Frederick S. Cohen*, No. CIV-S-2010-0809, 2011 WL 677914, at *4–5 (E.D. Cal. Feb. 17, 2011) (finding that counsel appointed to represent child in dependency proceedings did not act under color of state law); *Anderson v. Dist. Attorney Office*, No. CV 2011-0572, 2011 WL 6013274, at *8 (S.D. Cal. Dec. 1, 2011) (same); *Saunders v. Cnty. of Sacramento*, No. CV 2010-02559, 2011 WL 2746101, at *6 (E.D. Cal. July 13, 2011) (same); *Ramirez v. Tsuchiya*, No. CV 2008-4456, 2008 WL 4402911, at *1 (N.D. Cal. Sept. 26, 2008) (dismissing with prejudice prisoner's § 1983 action against appointed attorney who represented him in parental termination proceedings because the attorney did not act under color of state law). Accordingly, Plaintiff fails to state a claim under § 1983 against any

1  of the Attorney Defendants and those claims will be dismissed.

2  **D.  Cochise County**

3      Plaintiff also sues Cochise County.  Although a municipality, such as Cochise

4  County, may be sued under § 1983, it cannot be sued solely because an injury was inflicted

5  by one of its employees or agents.  *Long v. County of Los Angeles*, 442 F.3d 1178, 1185

6  (9th Cir. 2006).  Rather, the municipality is liable only when the execution of its policy or

7  custom inflicts a constitutional injury.  *Id.*; *Miranda v. City of Cornelius*, 429 F.3d 858,

8  868 (9th Cir. 2005).  Thus, a § 1983 claim against a municipal defendant "cannot succeed

9  as a matter of law" unless the plaintiff: (1) contends the municipal defendant maintains a

10  policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy

11  or custom caused the plaintiff's injury.  *Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir.

12  2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)).

13      Plaintiff fails to allege facts to show his constitutional or other federal rights were

14  violated under a Cochise County policy.  Accordingly, Plaintiff fails to state a § 1983 claim

15  against Cochise County and his § 1983 claims against it will be dismissed.

16  **E.  Defendant Bannon**

17      Plaintiff also sues Cochise County Superior Court Judge Bannon, who presided over

18  Plaintiff's termination proceedings.  Plaintiff sues this Defendant based upon rulings he

19  made in that proceeding.  Judges are absolutely immune from § 1983 suits for damages for

20  their judicial acts except when they are taken in the "clear absence of all jurisdiction."

21  *Stump v. Sparkman*, 435 U.S. 349, 356–357 (1978) (citation omitted); *Ashelman v. Pope*,

22  793 F.2d 1072, 1075 (9th Cir. 1986).  An act is "judicial" when it is a function normally

23  performed by a judge and the parties dealt with the judge in his judicial capacity.  *Stump*,

24  435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990).  This immunity

25  attaches even if the judge is accused of acting maliciously and corruptly, *Peirson v. Ray*,

26  386 U.S. 547, 553–54 (1967), or of making grave errors of law or procedure, *Schucker v.*

27  *Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).  *See also Ammons v. Baldwin*, 705 F.2d

28  1445, 1446–48 (11th Cir. 1983) (holding judge was entitled to immunity from a claim

regarding whether he verbally abused and humiliated plaintiff); *Tanner v. Heise*, 879 F.2d 572, 577–78 (9th Cir. 1989).

Plaintiff alleges no facts to support that any action taken by this Defendant in Plaintiff's parental termination proceeding was taken in the "clear absence of all jurisdiction." Instead, Plaintiff seeks relief against Bannon based on rulings Bannon made in Plaintiff's parental termination case. Defendant is entitled to absolute judicial immunity as to these acts. Accordingly, Plaintiff's § 1983 claims against this Defendant will be dismissed.

### F. *Rooker-Feldman*

Plaintiff asserts he was denied due process and equal protection in his parental termination proceeding. Insofar as Plaintiff is attempting to seek review of his state court parental termination proceedings, or this Court's intervention in those proceedings, the Complaint will be dismissed. A federal district court, such as this one, is not a court of appeal from a state appellate court decision and must decline jurisdiction whenever it is "in essence being called upon to review the state court decision." *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (citation omitted) (reasoning that "[b]ecause district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence being called upon to review the state court decision'" and applying the *Rooker-Feldman* doctrine); *see also Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983). Plaintiff has already petitioned the Arizona Supreme Court and the Arizona Court of Appeals for review of his state court parental termination proceeding. Plaintiff cannot seek review of his state parental termination proceedings in this Court. Accordingly, the Complaint will be dismissed insofar as Plaintiff seeks review of his state court parental termination proceedings.

## V. Failure to State a Claim under §§ 1981, 1985, and 1986

Plaintiff also purports to seek relief under 42 U.S.C. §§ 1981, 1985, and 1986. Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall

have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a). For purposes of § 1981, "'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). Thus, to state a claim under § 1981, a plaintiff must allege facts to show (1) the plaintiff is a member of a racial minority; (2) a defendant intended to discriminate against plaintiff based on plaintiff's race; and (3) the alleged discrimination concerned one or more of the activities enumerated in the statute. *See e.g.*, *Kinnon v. Arcoub, Gopman & Assoc.*, 490 F.3d 886, 891 (11th Cir. 2007); *Harris v. Hays*, 452 F.3d 714, 718 (8th Cir. 2006); *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996); *Green v. St. Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994).

Plaintiff does not allege facts to support a claim of discrimination against him based upon his race nor does he connect any such allegations of discrimination to one or more of the activities enumerated in § 1981. Accordingly, Plaintiff fails to state a claim under § 1981.

Plaintiff also seeks relief under § 1985. Under § 1985(1), a plaintiff must allege a conspiracy to interfere with, or prevent a person, from holding office, trust, or place under the United States. Plaintiff alleges no facts about an actor conspiring to prevent or interfere with any person holding office, trust, or place under the United States.

"Section 1985(2) contains two clauses that give rise to separate causes of action." *Portman v. County of Santa Clara*, 995 F.2d 898, 908 (9th Cir. 1993). The first clause concerns access to federal courts. *Id.* at 909. Plaintiff does not allege facts concerning denial of access to the federal courts, and he has clearly been able to file several cases in Arizona federal courts. *See Hess v. Centurion Healthcare*, No. 2:22-CV-01864-PHX-SPL (MTM) (D. Ariz. Oct. 31, 2022); *Hess v. Cochise Cnty. Attorney's Off.*, No. 4:23-CV-00092-TUC-SHR (D. Ariz. Feb. 22, 2023); *Hess v. Experian*, No. 2:23-CV-00774-PHX-KML (MTM) (D. Ariz. May 4, 2023); *Hess v. Dannels*, No. 4:24-CV-00428-TUC-SHR (D. Ariz. Aug. 26, 2024).

The second clause of § 1985(2) concerns access to State or Territorial courts. To state a claim under the second clause of § 1985(2), a plaintiff must allege two or more persons conspired to impede, hinder, obstruct, or defeat:

> • the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws,
> • or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws[.]

*Id.* Plaintiff does not allege facts indicating any Defendant conspired to impede, hinder, obstruct, or defeat the course of justice in any State or Territory in violation of equal protection based upon Plaintiff's race. Plaintiff therefore fails to state a claim under § 1985(2).

To state a claim under § 1985(3), a plaintiff must allege facts to support (1) the existence of a conspiracy, (2) to deprive him of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States. *Griffin v. Breckenridge*, 403 U.S. 88, 102–103 (1971). A § 1985 conspiracy claim must contain more than bare conclusory allegations of conspiracy. *E.g., Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982). And a plaintiff must allege facts to support some racial or other class-based, invidiously discriminatory animus behind the conspirators' action. *Ellis v. Cassidy,* 625 F.2d 227, 229 (9th Cir. 1980). To make the requisite showing of class-based animus "the plaintiff must be a member of a class that requires special federal assistance in protecting its civil rights." *Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1519 (9th Cir. 1985); *see Voigt v. Savell*, 70 F.3d 1552, 1564 (9th Cir. 1995). Accordingly, a plaintiff must allege he is a member of a class of persons the courts have designated as a suspect or quasi-suspect class "requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection." *Sever v. Ala. Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (quoting *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985)).

Plaintiff has not alleged he is a member of a suspect class for purposes of equal protection.  Further, he fails to allege any Defendant conspired with others to deprive Plaintiff of equal protection or equal privileges and immunities, including how and when.  Plaintiff also fails to allege facts to support the existence of a conspiracy and whether any alleged conspiracy was motivated by racial or some other class-based animus against Plaintiff.  Accordingly, he fails to state a claim under § 1985(3).

Finally, because Plaintiff fails to state a claim under § 1985, he cannot obtain relief under § 1986.  *See Trerice v. Pederson*, 769 F.2d 1398, 1403 (9th Cir. 1985) (noting a claim under § 1986 can only be stated if there is a valid claim under § 1985).  Plaintiff's claims under §§ 1981, 1985, and 1986 will therefore be dismissed for failure to state a claim.

## VI.     Leave to Amend

For the foregoing reasons, the Court will dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action raised in the original Complaint and voluntarily dismissed or dismissed without prejudice is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th

1  Cir. 2012) (en banc).

2  **VII.    Motion for a Preliminary Injunction**

3          Plaintiff also seeks an emergency preliminary injunction to stay all actions of the

4  Cochise County Superior Court in "SV 20220008 and to order recall of the Arizona Court

5  of Appeals, Division Two, in 2 CA-JV 2023-0029, i.e., his parental termination proceeding,

6  and bar it from taking any further action except to reverse the issuance of its mandate.  If

7  any action has been taken in those proceedings, Plaintiff asks the Court to require such

8  actions to be reversed or stayed pending the conclusion of this case.  Additionally, Plaintiff

9  asks the Court to allow Plaintiff to re-establish contact with his son, "D.H.," to prevent

10 further damage to his relationship with his son.

11         "A preliminary injunction is 'an extraordinary and drastic remedy, one that should

12 not be granted unless the movant, by a clear showing, carries the burden of persuasion.'"

13 *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520

14 U.S. 968, 972 (1997) (per curiam)); *see also Winter v. Natural Res. Def. Council, Inc.*, 555

15 U.S. 7, 24 (2008) (citation omitted) ("A preliminary injunction is an extraordinary remedy

16 never awarded as of right").  A plaintiff seeking a preliminary injunction must show (1) he

17 is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an

18 injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public

19 interest.  *Winter*, 555 U.S. at 20.  "But if a plaintiff can only show that there are 'serious

20 questions going to the merits'—a lesser showing than likelihood of success on the merits—

21 then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the

22 plaintiff's favor,' and the other two *Winter* factors are satisfied."  *Shell Offshore, Inc. v.

23 Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild

24 Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).  Under this "serious questions"

25 variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing

26 of one element may offset a weaker showing of another."  *Lopez*, 680 F.3d at 1072.

27         Regardless of which standard applies, the movant "carries the burden of proof on

28 each element of the test."  *See Envtl. Council of Sacramento v. Slater*, 184 F. Supp. 2d

1016, 1027 (E.D. Cal. 2000). Further, there is a heightened burden where a plaintiff seeks a mandatory preliminary injunction, which should not be granted "unless the facts and law clearly favor the plaintiff." *Comm. of Cent. Am. Refugees v. INS*, 795 F.2d 1434, 1441 (9th Cir. 1986) (citation omitted).

As discussed above, federal courts are not courts of appeal or review of state court proceedings under the *Rooker-Feldman* doctrine. Therefore, even if Plaintiff had made the showings required to grant injunctive relief as to state court rulings in his parental termination case, this Court lacks jurisdiction to grant such relief. Accordingly, Plaintiff's motion will be denied.

**VIII.  Warnings**

**A.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.    Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**C.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d

JDDL

- 16 -

at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(2)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

(3)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

(4)     Plaintiff's motion for an emergency preliminary injunction (Doc. 5) is **denied**.

Dated this 27th day of December, 2024.

Honorable Scott H. Rash
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint**
**in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $405.00 ($350.00 filing fee plus $55.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Unless you are an inmate housed at an Arizona Department of Corrections facility that participates in electronic filing, mail the original and one copy of the complaint with the $405 filing and administrative fees or the application to proceed in forma pauperis to:**

Revised 11/6/24

<u>Phoenix & Prescott Divisions</u>:    **OR**    <u>Tucson Division</u>:
U.S. District Court Clerk                          U.S. District Court Clerk
U.S. Courthouse, Suite 130                    U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10     405 West Congress Street
Phoenix, Arizona  85003-2119              Tucson, Arizona  85701-5010

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  *See* Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

    A certificate of service should be in the following form:

        I hereby certify that a copy of the foregoing document was mailed
        this _____ (month, day, year) to:
        Name: _____
        Address:_____
                Attorney for Defendant(s)

        _____
        (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.  *See* Fed. R. Civ. P. 15(a).  Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed.**  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.   Completing the Civil Rights Complaint Form.

**HEADING:**

    1.   Your Name.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.   Defendants.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.   Jury Demand.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

    1.   Nature of Suit. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

    2.   Location.   Identify the institution and city where the alleged violation of your rights occurred.

    3.   Defendants.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

    You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.   You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____

Name and Prisoner/Booking Number

_____

Place of Confinement

_____

Mailing Address

_____

City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,

(Full Name of Plaintiff)


            Plaintiff,

v.

(1) _____ ,

(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

            Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. _____

            (To be supplied by the Clerk)


**CIVIL RIGHTS COMPLAINT
BY A PRISONER**


☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
      ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
      ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
      ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.    Name of first Defendant: _____.  The  first  Defendant  is  employed
as: _____ at_____.
(Position and Title)    (Institution)

2.    Name of second Defendant: _____.  The second Defendant is employed as:
as: _____ at_____.
(Position and Title)    (Institution)

3.    Name of third Defendant: _____.  The  third  Defendant  is  employed
as: _____ at_____.
(Position and Title)    (Institution)

4.    Name of fourth Defendant: _____.  The  fourth  Defendant  is  employed
as: _____ at_____.
(Position and Title)    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.    Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.    If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

   a.   First prior lawsuit:
      1.    Parties: _____ v. _____
      2.    Court and case number:  _____.
      3.    Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

   b.   Second prior lawsuit:
      1.    Parties: _____ v. _____
      2.    Court and case number:  _____.
      3.    Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

   c.   Third prior lawsuit:
      1.    Parties: _____ v. _____
      2.    Court and case number:  _____.
      3.    Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.  **Administrative Remedies:**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                      ☐ Yes      ☐ No
    b.  Did you submit a request for administrative relief on Count I?           ☐ Yes      ☐ No
    c.  Did you appeal your request for relief on Count I to the highest level?  ☐ Yes      ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
    _____.

3

**COUNT II**

1.    State the constitutional or other federal civil right that was violated: _____

_____.

2.    **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities           ☐ Mail              ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings    ☐ Property          ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.    **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

4.    **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____

_____

_____.

5.    **Administrative Remedies.**
   a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                              ☐ Yes      ☐ No
   b.    Did you submit a request for administrative relief on Count II?            ☐ Yes      ☐ No
   c.    Did you appeal your request for relief on Count II to the highest level?    ☐ Yes      ☐ No
   d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

_____.

## COUNT III

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities                 ☐ Mail                  ☐ Access to the court        ☐ Medical care
    ☐ Disciplinary proceedings          ☐ Property              ☐ Exercise of religion       ☐ Retaliation
    ☐ Excessive force by an officer     ☐ Threat to safety      ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                      ☐ Yes        ☐ No
    b.  Did you submit a request for administrative relief on Count III?         ☐ Yes        ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?   ☐ Yes        ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____          _____
                            DATE                                    SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)


_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.