**WO**                                                                                    SC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Greg John Hess,                                    No.    CV-24-00247-TUC-SHR

               Plaintiff,

v.                                                          **ORDER**

State of Arizona, et al.,

               Defendants.

      Plaintiff Greg John Hess, who is confined in the Arizona State Prison Complex-Eyman, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983, and later paid the filing and administrative fees.[1]  The Court dismissed the Complaint with leave to amend (Doc. 9).  Plaintiff has filed a First Amended Complaint (Doc. 10).  The Court will dismiss the First Amended Complaint with leave to amend.

**I.**     **Statutory Screening of Prisoner Complaints**

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised legally frivolous or malicious claims, failed to state a claim upon which relief may be granted, or sought monetary relief from a defendant who is immune from such

---

[1] Plaintiff has filed at least three cases related to the same events as this case.  *See Hess v. Cochise Cnty. Attorney's Office*, 4:23cv00092-TUC-SHR (D. Ariz. Feb. 22, 2023); *Hess v. State of Ariz.*, 4:24cv00247-TUC-SHR (D. Ariz. May 15, 2024); *Hess v. Dannels*, 4:24cv00428-TUC-SHR (D. Ariz. Aug. 26, 2024).

**JDDL**

1    relief.  28 U.S.C. § 1915A(b)(1)–(2).

2         A pleading must contain a "short and plain statement of the claim *showing* that the

3    pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does

4    not demand detailed factual allegations, "it demands more than an unadorned, the-

5    defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

6    (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

7    conclusory statements, do not suffice." *Id.*

8         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

9    claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

10   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

11   that allows the court to draw the reasonable inference that the defendant is liable for the

12   misconduct alleged." *Id.*  "Determining whether a complaint states a plausible claim for

13   relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

14   experience and common sense." *Id.* at 679.  Thus, although a plaintiff's specific factual

15   allegations may be consistent with a constitutional claim, a court must assess whether there

16   are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

17        But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

18   must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342

19   (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent

20   standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551

21   U.S. 89, 94 (2007) (per curiam)).

22        If the Court determines a pleading could be cured by the allegation of other facts, a

23   pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the

24   action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc).  The Court

25   will dismiss Plaintiff's First Amended Complaint for failure to state a claim, but because

26   it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

27   **II.    Background**

28        In his five-count First Amended Complaint, Plaintiff alleges claims under 42 U.S.C.

§ 1983 for violations of due process, the First Amendment, and defamation, and claims under 42 U.S.C. §§ 1985 and 1986 for gender-based discrimination.  Plaintiff also alleges state law claims for defamation, breach of contract, and breach of "covenant."[2]  Plaintiff names his former attorney, Joan M. Sacramento, and two of his ex-wives, Ginger Dixon and Susanna Luviek, as Defendants.  Plaintiff seeks compensatory relief.  In January 2020, Defendant Dixon filed a petition for dissolution of marriage from Plaintiff in Cochise County Superior Court.[3]  Plaintiff and Dixon shared a minor son, D.H., and during the pendency of divorce proceedings, the Cochise County Superior Court entered a temporary parenting order allowing Plaintiff video visitation with D.H. following Plaintiff's August 24, 2020 arrest on charges of sexual abuse.  On March 26, 2021, Defendant Dixon was granted a dissolution of marriage.[4]

On August 24, 2020, Plaintiff was charged with sexual abuse in Benson Justice Court.  The case was transferred to Cochise County Superior Court[5] following Plaintiff's indictment.[6]  The victims of the charged offenses were Plaintiff's daughters, apparently with someone other than Dixon.

In March 2022, Plaintiff was convicted of child abuse[7] and sexual abuse of a minor

---

[2] Plaintiff may be referring to a "covenant marriage," a type of marriage that cannot be dissolved unless a court finds at least one of eight statutory grounds for dissolution. *Phillips v. Schwartz in & for Cnty. of Maricopa*, 530 P.3d 627, 630 (Ariz. Ct. App. 2023); *see also* https://www.azcourt_help.org/finder/family/marriage/154-covenant-marriage-booklet/file [https://perma.cc/ BZJ9-G44Z]; Ariz. Rev. Stat. §§ 25-901—25-906.

[3] *See* https://apps.azcourts.gov/publicaccess/caselookup.aspx, Search DO 202000029 (last accessed Apr. 2, 2025).

[4] *See* https://apps.azcourts.gov/publicaccess/caselookup.aspx [https://perma.cc/ 4BR5-WNZ4].

[5] *See* https://apps.azcourts.gov/publicaccess/caselookup.aspx, Search CF 2020000025.  (last accessed Apr. 2, 2025).

[6] *Id.    See* https://apps.azcourts.gov/publicaccess/caselookup.aspx, Search CR 202000617 (last accessed Apr. 2, 2025).

[7] Specifically, Plaintiff pleaded no contest to intentional or knowing child abuse under circumstances other than those likely to produce death or serious physical injury. *In re Termination of Parental Rights as to D.H.*, No. 2 CA-JV 2023-0025 2023 WL 6386962, at *1 (Ariz. Ct. App. Oct. 2, 2023).

under the age of 15 and was sentenced to five years in prison for the sexual abuse and lifetime probation for the child abuse. *In re Termination of Parental Rights as to D.H.*, No. 2 CA-JV 2023-0025, 2023 WL 6386962, at *1 (Ariz. Ct. App. Oct. 2, 2023). As a condition of probation, Plaintiff is barred from contact with anyone under the age of 18. *Id.* Plaintiff is also required to register as a sex offender. *Id.*

Following Plaintiff's conviction, in April 2022, Defendant Dixon petitioned to terminate Plaintiff's parental rights to D.H., on the grounds of abandonment, neglect or abuse, chronic mental illness, and Plaintiff's felony convictions. *Id.* On January 26, 2023, the termination case was tried by the juvenile court. *Id.* At the trial, Defendant Luviek testified telephonically from Washington, apparently regarding Plaintiff's alleged history of sexual and child abuse. (*See* Doc. 10 at 16.) The juvenile court ordered termination under § 8-533(B)(4) of the Arizona Revised Statutes, which provides for termination when "the parent is deprived of civil liberties due to the conviction of a felony if (1) the felony of which that parent was convicted is of such nature as to prove the unfitness of that parent to have future custody and control of the child" or (2) "the sentence of that parent is of such length that the child will be deprived of a normal home for a period of years." *Id.* at *2 (quoting Ariz. Rev. Stat. § 8-533(B)(4)). "The juvenile court did not address the first severance basis in [§ 8-533(B)(4)] and expressly found" Plaintiff's "five-year sentence would not deprive D.H. of a normal home for a sufficient period to warrant termination." *Id.* It did find, however, "termination was warranted under (B)(4) because the conditions of [Plaintiff's] lifetime probation would prevent [Plaintiff] from having contact with D.H.," at least until D.H. turned 18 years old. *Id.* Plaintiff's appeal was rejected. *Id.* at *1.

Plaintiff designates **Count I** as a claim for violation of the First and Fourteenth Amendments. Except as otherwise indicated, Plaintiff alleges the following facts:

At Plaintiff's sentencing, the criminal court stated, because Plaintiff's criminal case did not involve D.H., and "a parenting order was [then] already in place regarding D.H.,[8]

---

[8] Plaintiff indicates, despite the temporary parenting order providing for video visitation with D.H. while Plaintiff was jailed pending trial, Defendant Dixon failed to make D.H. available for such visitation.

the criminal court, *as long as probation allowed*,[9] would not interfere with Plaintiff's relationship with D.H." (Doc. 10 at 8 (emphasis added).)

In the termination proceeding, Defendant Sacramento was appointed as Plaintiff's counsel. (*Id.*) In preparation for the termination trial, Plaintiff "attempted" to communicate with Sacramento regarding evidence and events he believed were relevant to the termination case. (*Id.*) Plaintiff also repeatedly requested copies of proposed exhibits and witness lists. (*Id.*) According to Plaintiff, Sacramento "refused to communicate with Plaintiff regarding trial strategy[ or] identify witnesses, proposed exhibits, or the location of relevant evidence." (*Id.*) Plaintiff repeatedly told Sacramento that Defendant Dixon had denied him his court-ordered video visitation with D.H. prior to Plaintiff's sentencing. (*Id.*) Plaintiff also repeatedly asked Defendant Sacramento to obtain a transcript of his criminal sentencing, which he believed was "paramount" to avoiding termination of his parental rights as to D.H. (*Id.* at 9.) According to Plaintiff, the criminal court's statement that it would not interfere with Plaintiff's relationship with D.H., because his criminal offense did not involve D.H., and the then-existence of the temporary parenting order indicated that the probation department had the authority to waive any probation condition barring Plaintiff from having contact with D.H. before he turned 18 years old. (*Id.* at 8–9; *see also infra* n.10.) He argues for that reason, it was "paramount" for Sacramento to obtain a transcript of his sentencing as evidence the probation department could allow him to contact D.H. before he turned 18 and after Plaintiff's release to probation. (*Id.* at 9.) He also asserts the juvenile court erred in concluding Plaintiff would be unable to maintain a relationship with D.H. while D.H. was a minor, citing the criminal court's "as long as probation allowed" statement. (*Id.* at 8.)

Plaintiff also claims Sacramento "took advantage" of him, because he was a "vulnerable adult[10] with civil disabilities as a result of his criminal sentence." (*Id.* at 10.)

---

9 Plaintiff asserts the italicized phrase indicated the probation department could allow Plaintiff to contact D.H. following release to probation.

10 Under Arizona law, a "'[v]ulnerable adult' means an individual who is eighteen years of age or older and who is unable to protect himself from abuse, neglect or

Further, he claims Sacramento denied him the right to call witnesses, obtain transcripts of his sentencing and visitation records, and subpoena evidence.  (*Id.*)  He contends Sacramento discriminated against him and rendered ineffective assistance of counsel, in violation of Plaintiff's due process rights.  (*Id.* at 11.)  He claims Sacramento's failure to communicate with him violated his First Amendment and due process rights and resulted in the termination of his parental rights.[11]  (*Id.*)  According to Plaintiff, there is an audio recording of a discussion between the prosecutor and Plaintiff's criminal defense attorney that reveals the charges against him were fabricated and that he is not guilty of sexual abuse.  (*Id.* at 9.)

Plaintiff designates **Count II** as a state-law claim for breaches of contract and "covenant."  He alleges the following:

During the summer of 2019, Plaintiff and Defendant Dixon made an oral and written contract and covenant.  (Doc. 10 at 13.)  In December 2019, while Dixon and D.H. were living in Arizona, and Plaintiff was living in Missouri, Dixon agreed she would not "run off" with D.H. and she did not want to divorce Plaintiff but she had no choice because she feared retaliation and "extortion by the Department of Child Services."[12]  (*Id.*)

On March 26, 2021, Defendant Dixon "secured" a decree for dissolution of marriage from Plaintiff in Cochise County Superior Court, case# DO 2020-00029.[13]  (*Id.*)  Then, on

exploitation by others because of a physical or mental impairment.  Vulnerable adult includes an incapacitated person as defined in § 14-5101."  Ariz. Rev. Stat. § 46-451(A)(12).  Plaintiff alleges no facts to support his inability to protect himself because of physical or mental impairments.  Civil disabilities resulting from felony convictions do not constitute physical and/or mental impairments.

[11]  Although Plaintiff also claims that Sacramento violated his son's rights, Plaintiff has no authority to appear on behalf of his son.  Therefore, the Court will disregard this allegation.  *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (holding a non-attorney has no authority to appear as an attorney for another).

[12]  According to Plaintiff, prior to his marriage to Dixon, he was married to Defendant Luviek until their divorce in Texas in 2013 or 2014.  (Doc. 10 at 16–17.) Plaintiff repeatedly refers to litigation between him and Luviek, some of which occurred during Plaintiff's marriage to Dixon.  (*Id.*)

[13]  *See* https://apps.azcourts.gov/publicaccess/caselookup.aspx, Search DO 2020-00029 (last accessed Apr. 2, 2025).

JDDL

April 20, 2022, Dixon filed a petition to terminate Plaintiff's parental rights, allegedly in breach of their "agreed upon contract and covenant." (*Id.*) Plaintiff claims he was unable to obtain "this" evidence throughout the termination proceedings due to his "civil disabilities" and was only able to obtain proof of the contract and covenant in late March 2024. (*Id.*) He contends Defendant Dixon's "intentional breach of contract and breach of covenant" amounted to intentional fraud and Dixon took advantage of his situation as a "vulnerable adult with civil disabilities." (*Id.*) He claims Dixon made a binding agreement with him as to D.H., and then filed to terminate his parental rights shortly after his criminal trial, when he was most vulnerable, and denied him video visitation, "despite [Plaintiff's] selfless sacrifice by taking a plea agreement to protect his children from prosecution." (*Id.* at 14.)

Plaintiff designates **Count III** as a claim for defamation under § 1983 and state law. Plaintiff alleges the following:

Defendant Luviek, Plaintiff's former wife, testified telephonically at Plaintiff's parental termination trial on January 26, 2023, and "knowingly defrauded" the Cochise County Superior Court by falsely testifying Plaintiff had abused his minor daughters multiple times prior to his Arizona offenses which were the subject of his Cochise County criminal case. (Doc. 10 at 16.) She also falsely testified he had abused her two older sons, who had then been his stepsons, contradicting statements regarding Plaintiff's parental fitness Luviek had made in a different case in 2019. (*Id.*) Luviek created a "false image" of him at his parental termination trial and her testimony had previously been found to be fabricated by a state judge. (*Id.* at 16–17.) In addition, her testimony was not relevant to the termination of his parental rights over D.H. because she lacked any connection to D.H. (*Id.* at 17.) Plaintiff contends Luviek's false testimony was intended to defame him and cause him pain by resulting in termination of his parental rights over D.H. (*Id.*)

Plaintiff designates **Count IV** as a claim for violation of 42 U.S.C. § 1985 by engaging in gender-based discrimination. He alleges the following:

Defendant Dixon conspired with Defendant Luviek to discriminate against Plaintiff

based on his gender.  (Doc. 10 at 20.)  Luviek has a history of sexist behavior against him and has lodged "various types of false and delusional belief allegations" against him in Texas, Washington, and Arizona court cases.  (*Id.*)  Defendant Dixon was aware of Luviek's false and delusional allegations because Dixon had been married to Plaintiff when many of these cases were being litigated.  (*Id.*)  Dixon contacted Defendant Luviek to testify at Plaintiff's termination proceedings, "to help make Plaintiff look bad" and with the "knowledge" Luviek's previous allegations had been proven false.  At the proceeding, Luviek testified "fathers aren't allowed to talk about adult topics with their daughters" and "single fathers of daughters should not be allowed to provide physical affection and toiletries to their daughters when they ask for them while in a compromising position," e.g., should not provide a clean towel to a daughter while she was in the shower but behind a shower curtain.  (*Id.* at 20–21.)  She also falsely testified Plaintiff had abused her older son.  Plaintiff characterizes Luviek as a "con artist," who is unable to distinguish truth from fantasy, was psychologically manipulative, and falsely claimed inappropriate conduct by him towards children.  (*Id.*)

Plaintiff designates **Count V** as a claim for damages under 42 U.S.C. § 1986, and realleges many of the allegations in Count IV.  Plaintiff seeks compensatory relief.

## III.    Discussion

### A.    Section 1983

To prevail in a § 1983 claim, a plaintiff must show (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of each defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

#### 1.    *Defendant Sacramento*

Plaintiff sues Defendant Sacramento based upon her representation of him in his parental termination proceedings. "[U]nder color of state law" is the equivalent of the "state action" requirement under the Constitution. *Lugar v. Edmondson Oil Co, Inc.*, 457 U.S. 922, 928 (1982); *Jensen v. Lane County*, 222 F.3d 570, 574 (9th Cir. 2000) (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *West v. Atkins*, 487 U.S. 42, 49 (1988)). That is, "[a]cting under color of state law is 'a jurisdictional requisite for a § 1983 action.'" *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001) (quoting *West*, 487 U.S. at 46). Whether an attorney representing a criminal defendant is privately retained, a public defender, or court-appointed counsel, she does not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 317–18 (1981); *Miranda v. Clark Cnty.*, 319 F.3d 465, 468 (9th Cir. 2003). The same principle applies to attorneys representing parties in state court juvenile proceedings. *Malachowski v. City of Keene*, 787 F.2d 704, 710 (1st Cir. 1986) (per curiam) ("A private attorney who is sued for actions allegedly taken as court-appointed counsel does not act under color of state law."); *Myers v. Morris*, 810 F.2d 1437, 1467 (8th Cir. 1987); *Ramirez v. Tsuchiya*, No. CV 2008-4456, 2008 WL 4402911, at *1 (N.D. Cal. Sept. 26, 2008) (dismissing with prejudice prisoner's § 1983 action against appointed attorney who represented him in parental termination proceedings because the attorney did not act under color of state law); *see Kirtley v. Rainey*, 326 F.3d 1088, 1092–96 (9th Cir. 2003) (private attorney appointed by the state to represent a minor in court proceedings as guardian ad litem does not act under color of state law for the purpose of a § 1983 claim); *Chambers v. Santa Clara Cnty.*, No. CV 2005-3308, 2006 WL 2433413, at *2-3 (N.D. Cal. Aug. 21, 2006) (same); *Deluz v. Law Offices of Frederick S. Cohen*, No. CIV-S-2010-0809, 2011 WL 677914, at *4–5 (E.D. Cal. Feb. 17, 2011) (counsel appointed to represent child in dependency proceedings did not act under color of state law); *Anderson v. Dist. Attorney Office*, No. CV 2011-0572, 2011 WL 6013274, at *8 (S.D. Cal. Dec. 1, 2011) (same); *Saunders v. Cnty. of Sacramento*, No. CV 2010-02559, 2011 WL 2746101, at *6 (E.D. Cal. July 13, 2011) (same).

Plaintiff does not allege sufficient facts from which he could prove Sacramento

acted as anything other than court-appointed counsel in his family law case. Thus, for the reasons discussed, Plaintiff fails to state a claim under § 1983 against Sacramento and this claim will be dismissed.

### 2.    *Defendants Dixon and Luviek*

As discussed in the preceding subsection, the "under color of state law" is the equivalent of the "state action" requirement under the Constitution. *Lugar*, 457 U.S. at 928; *Jensen*, 222 F.3d at 574; *West,* 487 U.S. at 49. "[S]tate action requires *both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" *Id.* (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). A private party generally does not act under color of state law, and is properly dismissed from a § 1983 action, unless a plaintiff makes more than merely conclusory allegations explaining how the private party acted under color of state law. *Price v. State of Hawai'i* 939 F.2d 701, 707-08 (9th Cir. 1991). But a § 1983 claim may be maintained against "a private party when 'he is a willful participant in joint action with the State or its agents.'" *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir.2003) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)). "'The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the [government]?'" *Id.* (quoting *Sutton v. Providence St. Joseph Med. Ctr.,* 192 F.3d 826, 835 (9th Cir.1999)) (alteration in original); *see Anderson v. Warner*, 451 F.3d 1063, 1068 (9th Cir. 2006).

Defendant Dixon filed a petition to terminate Plaintiff's parental rights as to D.H. Such act did not constitute action taken on behalf of the State. Accordingly, Plaintiff fails to state a claim against Defendant Dixon, and she will be dismissed.

Plaintiff alleges Defendant Luviek provided false testimony at his termination trial. Sworn testimony in a court proceeding does not amount to state action. Further,

"[w]itnesses . . . are absolutely immune from liability for testimony at trial, and before a grand jury." *Lisker v. City of Los Angeles*, 780 F.3d 1237, 1241–42 (9th Cir. 2015) (citations omitted). "Absolute witness immunity also extends to preparatory activities 'inextricably tied' to testimony, such as conspiracies to testify falsely." *Id.* (citations omitted). Plaintiff alleges no facts to support a conclusion Luviek acted under color of state law by testifying at his termination trial and, in any event, Luviek is entitled to absolute witness immunity for such conduct. Plaintiff therefore fails to state a claim against Luviek, and she will be dismissed.

### B.     Defamation Under § 1983

An action for damage to reputation ordinarily "lies . . . in the tort of defamation, not in [42 U.S.C. §] 1983." *Fleming v. Dep't of Public Safety*, 837 F.2d 401, 409 (9th Cir. 1988), *overruled on other grounds by Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). "To recover damages for defamation under § 1983, a plaintiff must satisfy the 'stigma-plus test.'" *American Consumer Pub. Ass'n, Inc. v. Margosian*, 349 F.3d 1122, 1125–26 (9th Cir. 2003) (quoting *Cooper v. Dupnik*, 924 F.2d 1520, 1532 (9th Cir. 1991), *rev'd on other grounds*, 963 F.2d 1220, 1235 n.6 (9th Cir. 1992) (en banc)). "Under that test, 'a plaintiff must allege loss of a recognizable property or liberty interest in conjunction with the allegation of injury to reputation.'" *Id.* at 1126 (quoting *Cooper*, 924 F.2d at 1532). The injury must be to a "previously recognized right or status." *WMX Tech., Inc. v. Miller*, 80 F.3d 1315, 1319 (9th Cir. 1996) (citing *Paul v. Davis*, 424 U.S. 693, 711 (1976)). Further, "the 'stigma-plus test' requires that the defamation be accompanied by an injury *directly caused* by the Government, rather than an injury caused by the act of some third party [in reaction to the *Government's* defamatory statements]." *Id.* at 1320 (injuries caused by third party's response to government statements not cognizable under § 1983).

Thus, defamation by government officials may support a Fourteenth Amendment claim for deprivation of property or liberty *if* a plaintiff can meet the "stigma-plus test." *Ulrich v. City& County of San Francisco*, 308 F.3d 968, 982 (9th Cir. 2002). But to meet

the stigma-plus test, a plaintiff must allege "the public disclosure of a stigmatizing statement by the government or its agents, the accuracy of which is contested, *plus* the denial of some more tangible interest, such as employment, or the alteration of a right or status recognized by state law." *Id.* (cleaned up); *accord*, *Hernandez v. City of Chandler*, No. 23cv01400-PHX-MTL, 2024 WL 2831627, at *8 (D. Ariz. June 4, 2024), *amended*, 2024 WL 2870197, at *8 (D. Ariz. June 5, 2024) ("Plaintiff d[id] not allege that any government actors publicly disclosed any false and defamatory statements," and plaintiff's due process rights were not violated by the "municipal court judge's admission of allegedly false and defamatory statements in public court proceedings," or by the judge permitting plaintiff's wife to testify and enter evidence against him or by weighing this evidence when determining plaintiff's property, marital, and parental rights under state law).

Plaintiff alleges no facts to suggest the government, or its agents, disclosed any stigmatizing statement about him based on any allegedly false testimony.  Accordingly, Plaintiff fails to state a defamation claim under § 1983.

## C.  Sections 1985 and 1986

Plaintiff also seeks relief under 42 U.S.C. §§ 1985(2) and (3)[14] and 1986 against Defendants Dixon and Luviek.  Under § 1985(1), a plaintiff must allege a conspiracy to interfere with, or prevent, a person from holding office, trust, or place of confidence under the United States.  Plaintiff alleges no facts regarding whether anyone conspired to prevent or interfere with him holding office, trust, or place of confidence under the United States.

"Section 1985(2) contains two clauses that give rise to separate causes of action." *Portman v. County of Santa Clara*, 995 F.2d 898, 908 (9th Cir. 1993).  The first clause concerns access to federal courts.  *Id.* at 909.  Plaintiff does not allege facts regarding whether he has been denied access to the federal courts, and he has filed several cases in Arizona federal courts.  *See Hess v. Centurion Healthcare*, No. 2:22cv 0`864-PHX-SPL-MTM (D. Ariz. Oct. 31, 2022); *Hess v. Cochise Cnty. Attorney's Off.*, No. 4:23cv00092

---

[14] Although Plaintiff does not specify which subsections of § 1985(1) form the bases of his claim, § 1985(1), which prohibits conspiracies "to interfere with, or prevent, a person from holding office, trust, or place of confidence under the United States," does not apply.

(D. Ariz. Feb. 22, 2023); *Hess v. Experian*, No. 2:23cv00774-PHX-KML (MTM) (D. Ariz. May 4, 2023); *Hess v. Dannels*, No. 4:24cv00428-TUC-SHR (D. Ariz. Aug. 26, 2024).  As the second clause of § 1985(2) explains, a violation occurs:

> if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, *with intent to deny to any citizen the equal protection of the laws*, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

42 U.S.C. § 1985(2) (emphasis added).  This portion of § 1985(2) bars conspiracies to obstruct the course of justice in state courts, and "contains language requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal protection of the laws." *Kush v. Rutledge*, 460 U.S. 719, 725 (1983); *see Bretz v. Kelman*, 773 F.2d 1026, 1029 (9th Cir. 1985) (en banc) ("[W]e read the 'equal protection' language of the second clause of § 1985(2) to require an allegation of class-based animus for the statement of a claim under that clause.").  Plaintiff makes only vague and conclusory allegations, namely, the alleged conduct of Dixon or Luviek was based upon his gender, rather than upon the circumstances of their marriages to Plaintiff.

To state a claim under § 1985(3), a plaintiff must allege facts to support (1) the existence of a conspiracy, (2) to deprive him of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States. *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971).  A § 1985(3) conspiracy claim must contain more than bare conclusory allegations of conspiracy.  *E.g., Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982).  And a plaintiff must allege *facts* to support some racial or other class-based, invidiously discriminatory animus behind the conspirators' action. *Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980).  To make the requisite showing of class-based animus "the plaintiff must be a member of a class that requires special federal assistance in protecting its civil rights." *Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1519 (9th Cir. 1985); *see Voigt v.*

*Savell*, 70 F.3d 1552, 1564 (9th Cir. 1995). Specifically, a plaintiff must allege he is a member of a class of persons the courts have designated as a suspect or quasi-suspect class "requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection." *Sever v. Ala. Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (quoting *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985)).

To sufficiently allege a conspiracy, a plaintiff must allege facts to support there was "an agreement or 'meeting of the minds' to violate constitutional rights.'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (citation omitted). A court "need not, however, accept as true . . . merely conclusory [allegations], unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001); *see also Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989) (concluding conclusory allegations of conspiracy did not state a § 1983 claim); *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) ("A mere allegation of conspiracy without factual specificity is insufficient.").

Plaintiff asserts Dixon and Luviek, motivated by his gender, conspired to deprive him of equal protection and obstruct the due course of justice in his termination proceedings by eliciting false testimony from Luviek about Plaintiff's interactions with his daughters and stepsons. However, the juvenile court terminated Plaintiff's parental rights as to D.H. based upon Plaintiff's *convictions*, not Luviek's testimony, and Plaintiff has failed to identify any other injury he suffered as a result of her statements. In addition, Plaintiff's assertions of a conspiracy between his ex-wives are simply too vague and conclusory to state a claim on this basis, especially in light of Plaintiff's conviction, which evinces a clearly legitimate basis for Luviek's testimony. Plaintiff therefore fails to state a claim under § 1985(3).

Because Plaintiff fails to state a claim under § 1985, he cannot obtain relief under § 1986. *See Trerice v. Pederson*, 769 F.2d 1398, 1403 (9th Cir. 1985) (noting a claim

under § 1986 can only be stated if there is a valid claim under § 1985).  Plaintiff's claims under §§ 1985 and 1986 will therefore be dismissed for failure to state a claim.

### D. **Failure to State Claims under State Law**

#### 1. *Breach of Contract and Covenant*

In Count II, Plaintiff asserts state-law claims for breach of contract and breach of covenant.  Plaintiff seemingly alleges he and Dixon entered into a written agreement, but he does not allege the terms of the agreement or the surrounding circumstances, nor does he specifically allege he and Dixon entered a covenant marriage under the terms of state law or identify when and how Dixon allegedly violated the terms of the contract.  For the reasons discussed, Plaintiff fails to state a claim for breach of contract or breach of a marriage covenant.

#### 2. *Defamation*

Plaintiff also asserts a state-law claim for defamation against Defendant Luviek concerning her testimony at the termination proceeding.  "In an ordinary defamation action between private individuals, a speaker may be liable for damages if a falsehood is published that injures the plaintiff's reputation."  *Rogers v. Mroz*, 502 P.3d 986, 990 (Ariz. 2022).  However, the "absolute privilege that protects witnesses from liability for defamation also serves to immunize them from other civil suits arising from their testimony."  *Kent v. Evans*, No. 1 CA-CV 07-0696, 2008 WL 4917796, at *2 (Ariz. Ct. App. Nov. 13, 2008); *see Ross v. Duke*, 569 P.2d 240, 243 (Ariz. Ct. App. 1976) ("An absolute privilege against a defamation charge arises in the context of judicial proceedings.").

Plaintiff fails to state a claim for defamation against Luviek because she is absolutely immune from any claims arising out of her testimony at the termination trial.  This claim will be dismissed.

## IV. **Leave to Amend**

For the foregoing reasons, the Court will dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above.

JDDL

The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action raised in the original Complaint or First Amended Complaint and voluntarily dismissed or dismissed without prejudice is waived if it is not alleged in a second amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**V.     Warnings**

**A.     <u>Address Changes</u>**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**B.     <u>Possible "Strike"</u>**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the

prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

## C.   Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260–61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    The First Amended Complaint (Doc. 10) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice stating the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

(3)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 8th day of August, 2025.

Honorable Scott H. Rash
United States District Judge

## Instructions for a Prisoner Filing a Civil Rights Complaint
## in the United States District Court for the District of Arizona

1.  Who May Use This Form.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  The Form.  **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  Your Signature.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  The Filing and Administrative Fees.  The total fees for this action are $455.00 ($350.00 filing fee plus $55.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  Original and Judge's Copy.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.  **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6.  Where to File.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  *See* LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Unless you are an inmate housed at an Arizona Department of Corrections facility that participates in electronic filing, mail the original and one copy of the complaint with the $455 filing and administrative fees or the application to proceed in forma pauperis to:**

1

<u>Phoenix & Prescott Divisions</u>:        **OR**        <u>Tucson Division</u>:
U.S. District Court Clerk                                    U.S. District Court Clerk
U.S. Courthouse, Suite 130                              U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10            405 West Congress Street
Phoenix, Arizona  85003-2119                      Tucson, Arizona  85701-5010

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:  _____
Address:_____
            Attorney for Defendant(s)

_____
(Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed.**   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12. <u>Completing the Civil Rights Complaint Form.</u>

**HEADING:**

    1. <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2. <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3. <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

    1. <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2. <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3. <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

    You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.   You must identify which civil right was violated.   **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.   **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.


## FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)

                Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

            Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO.** _____
                (To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
       ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
       ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
       ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____.  The  first  Defendant  is  employed as: _____ at _____.
(Position and Title)                                               (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as: as: _____ at _____.
(Position and Title)                                               (Institution)

3.   Name of third Defendant: _____.  The  third  Defendant  is  employed as: _____ at _____.
(Position and Title)                                               (Institution)

4.   Name of fourth Defendant: _____.  The  fourth  Defendant  is  employed as: _____ at _____.
(Position and Title)                                               (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

    a.   First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.   Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.   Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities            ☐ Mail              ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings     ☐ Property          ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer    ☐ Threat to safety   ☐ Other: _____.

3.    **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____.

5.    **Administrative Remedies:**
    a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                                                   ☐ Yes     ☐ No
    b.    Did you submit a request for administrative relief on Count I?                 ☐ Yes     ☐ No
    c.    Did you appeal your request for relief on Count I to the highest level?         ☐ Yes     ☐ No
    d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.    _____
_____.

**COUNT II**

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities            ☐ Mail                ☐ Access to the court        ☐ Medical care
    ☐ Disciplinary proceedings     ☐ Property            ☐ Exercise of religion        ☐ Retaliation
    ☐ Excessive force by an officer ☐ Threat to safety    ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                              ☐ Yes      ☐ No
    b.  Did you submit a request for administrative relief on Count II?                  ☐ Yes      ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?        ☐ Yes      ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
    _____.

**COUNT III**

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer      ☐ Threat to safety    ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes      ☐ No
    b.  Did you submit a request for administrative relief on Count III?      ☐ Yes      ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?      ☐ Yes      ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

### E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                         DATE                                                SIGNATURE OF PLAINTIFF




_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)



_____
(Attorney's address & telephone number)


### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may
attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable.
If you attach additional pages, be sure to identify which section of the complaint is being continued and number
all pages.

6